**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:                                                                                             CHAPTER 13 CASE NO.:

DANIEL MOORE                                                                           19-14709-JDW

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (DKT. #9)

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after conducting the Section 341(a) Meeting of Creditors, reviewing the Petition, Schedules, and Statement of Financial Affairs, and files this Objection to Confirmation of Chapter 13 Plan (the "Objection"), and in support thereof states as follows:

1. The Debtor commenced this proceeding by filing a voluntary petition on November 19, 2019 (the "Petition Date"). The Debtor filed a proposed Chapter 13 Plan (Dkt. #9) (the "Plan") on December 3, 2019.

2. The Debtor is above median income and the proposed term of the Plan is sixty (60) months. The Plan does not provide for a distribution to nonpriority unsecured. The liquidation value in Section 5.1 of the Plan is zero (0).

3. The Debtor's Schedules I and J fail to accurately report the Debtor's current income and expenditures as required by 11 U.S.C. § 521(a)(1)(B)(ii); therefore, the requirement of §1325(a)(1) is not met. Specifically, Schedule I provides that the Debtor's gross income is $6,683.82; however, the Debtor testified at the Section 341(a) Meeting of Creditors that this amount is not correct. Additionally, Schedule J should be amended to remove the lease payment of $1,170.00 for the reasons set forth in more detail in paragraph six (6) below.

4. The Plan fails to comply with 11 U.S.C. § 1325(a)(3). It has not been proposed in good faith as Section 3.2 proposes to pay the claim of LG&W Credit Union in the amount of

$2,00.00, which is secured by a 2014 Kawasaki Brute Force ATV (the "ATV"). The ATV is non-exempt property and is not necessary for either an effective reorganization or the maintenance of the Debtor and/or the Debtor's household. The Plan should be amended to either abandon the ATV or pay an equal amount to nonpriority unsecured creditors with timely filed claims.

5.   The Plan fails to comply with 11 U.S.C. § 1325(a)(6) because the Plan is not feasible. The Debtor has failed to fully fund the Plan and is $1,592.50 delinquent in plan payments through December 2019. Plan payments continue to accrue at the rate of $1,792.50 monthly thereafter. The failure by the Debtor to fund the Plan demonstrates that the Plan is not feasible and, therefore, cannot be confirmed.

6.   The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and 365(b)(1). Section 6.1 of the Plan provides that the Debtor will assume the unexpired lease with Fleet Leasing ("Fleet"). However, the Debtor testified at the Section 341(a) Meeting of Creditors that he has not made any post-petition payments to Fleet and that the lease has approximately $30,000.00 in arrears. Therefore, the Debtor has failed to provide adequate assurance of future performance under the lease. The Trustee submits that the assumption of the lease is not necessary for an effective reorganization. Accordingly, the lease should be deemed rejected and the Plan should be amended accordingly.

7.   The Trustee submits that the Debtor has incorrectly calculated the Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Official Form 122C-1) and the Chapter 13 Calculation of Your Disposable Income (Official Form 122C-2) (the "Means Test") (Dkt. #8). Specifically, the Debtor failed to include the rental income of $300.00 per month that he receives and the monthly payment for the lease with Fleet should not

be included as an expense on Line 33(d). Based on the errors on the Means Test the Trustee is unable to determine whether or not Section 5.1 of the Debtor's Plan provides for payment of all of the Debtor's disposable monthly income. Therefore, the Plan fails to comply with 11 U.S.C. § 1325(a)(1) and (b)(1)(B).

8. The Debtor should timely remit all plan payments due under the Plan prior to the hearing or the case should be dismissed for failure to comply with the proposed Plan.

9. For the reasons set forth herein, the Trustee submits that Confirmation of the Plan should be denied and the case dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which Trustee and this bankruptcy estate may be entitled.

Dated: January 15, 2020.

                Respectfully submitted,

                **LOCKE D. BARKLEY**
                **CHAPTER 13 TRUSTEE**

BY:   /s/ Melanie T. Vardaman
        ATTORNEYS FOR TRUSTEE
        W. Jeffrey Collier (MSB 10645)
        Melanie T. Vardaman (MSB 100392)
        6360 I-55 North, Suite 140
        Jackson, Miss.  39211
        (601) 355-6661
        mvardaman@barkley13.com

## CERTIFICATE OF SERVICE

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

      Dated: January 15, 2020.

                                        /s/ Melanie T. Vardaman
                                        MELANIE T. VARDAMAN